# EXHIBIT A



# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

---

# Case #2020CI07178

**Name**: MATTHEW S EICHINGER

**Date Filed** : 4/15/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : DEBT/CONTRACT

**Business Name** : 2020CI07178

**Style** : MATTHEW S EICHINGER

**Style (2)** : vs COACHMEN RV ET AL

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00005 | 5/4/2020 | ORIGINAL ANSWER OF<br>FOREST RIVER INC |
| S00002 | 4/21/2020 | CITATION CERTIFIED MAIL<br>FORD MOTOR COMPANY<br>ISSUED: 4/21/2020 RECEIVED: 4/21/2020<br>EXECUTED: 4/27/2020 RETURNED: 5/1/2020 |
| S00001 | 4/21/2020 | CITATION CERTIFIED MAIL<br>COACHMEN RV<br>ISSUED: 4/21/2020 |
| P00004 | 4/15/2020 | REQUEST FOR SERVICE AND PROCESS |
| P00003 | 4/15/2020 | CIVIL CASE INFORMATION SHEET |
| P00002 | 4/15/2020 | PETITION |
| P00001 | 4/15/2020 | JURY FEE PAID |

CERTIFIED MAIL #70191120000131764410

Case Number: 2020-CI-07178          2020CI07178  S00001

MATTHEW S EICHINGER

vs.

COACHMEN RV ET AL

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

DIRECTED TO:    COACHMEN RV

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE CSC-LAWYERS INCORP SERVICE
211 EAST 7TH STREET 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this CITATION and ORIGINAL
PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL
PETITION  was filed on the 15th day of April, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST  DAY OF April  A.D., 2020.

ADAM MOTT
ATTORNEY FOR PLAINTIFF
2929 ALLEN PKWY 200
HOUSTON, TX 77019-7123



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo,* Deputy

---

MATTHEW S EICHINGER
vs
COACHMEN RV ET AL

Officer's Return

Case Number: 2020-CI-07178
Court:225th Judicial District Court

Came to hand on the 21st day of April 2020, A.D., at 11:13 o'clock A.M. and EXECUTED (NOT
EXECUTED) by CERTIFIED MAIL, on the  _____ day of _____ 20_____,  by delivering
to: _____  at 211 EAST 7TH STREET 620 AUSTIN TX
78701 a true copy of this Citation, upon which I endorsed that date of delivery, together
with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is  _____.

**Mary Angie Garcia**
Clerk of the District Courts
of Bexar County, TX

By: *Laura Castillo,* Deputy

ORIGINAL (DK003)

FILED
4/15/2020 3:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD          2 CITS CML

## 2020CI07178

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW S. EICHINGER | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| | § | |
| COACHMEN RV, a division of | § | |
| FOREST RIVER, INC. and | § | |
| FORD MOTOR COMPANY | § | |
| | § | |
| *Defendants.* | § | 225th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MATTHEW S. EICHINGER, hereinafter referred to as Plaintiff, complaining of and about COACHMEN RV, a division of FOREST RIVER, INC. ("Defendant Forest River") and FORD MOTOR COMPANY ("Defendant Ford"), hereinafter referred to as Defendants, and for cause of action shows the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff seeks monetary relief of $100,000.00 or less, exclusive of costs, interest, and attorney fees, and intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff MATTHEW S. EICHINGER is an individual residing in Bexar County, Texas.

3.      Defendant COACHMEN RV is a division of FOREST RIVER, INC., a foreign profit corporation with a principal place of business located at 900 CR 1 North, Elkhart,

Indiana 46515.  Upon information and belief, FOREST RIVER INC. is authorized to do business in Texas.  This Defendant may be served with process by serving its registered agent, Corporation Service CSC – Lawyers Incorporating Service, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant FORD MOTOR COMPANY is a foreign profit corporation with a principal place of business located at 1 American Road, Dearborn, Michigan 48126.  Upon information and belief, FORD MOTOR COMPANY is authorized to do business in Texas. This Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     This court has jurisdiction over the parties because Defendants Forest River and Ford do business in Texas.

7.     Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.     On or about September 6, 2019, Plaintiff purchased a new 2019 Coachmen Freelander Class C Motorhome, VIN 1FDXE4FS5JDC13404 (the "Subject Vehicle") from an Authorized Dealership.  Please see Exhibit A: Purchase Agreement.

9.     The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

10. At the time of purchase, the Subject Vehicle was accompanied by a factory warranty which, in relevant part, provided for a Forest River 1 (one) year/12,000 mile limited warranty, a Ford 3 (three) year/36,000 mile chassis warranty, and a Ford 5 (five) year/60,000 mile Powertrain warranty (the "Warranties"). Please see Exhibit B: Pertinent Portion of Warranties. Warranties in their entirety are in Defendants' possession.

11. The Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

12. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted. Shortly after purchase, Plaintiff noticed numerous defects in the vehicle, including but not limited to: 1) the Subject Vehicle's engine emits excessive amounts of heat into the cabin, making it nearly impossible for a passenger to occupy the passenger seat, despite repair attempts, 2) stabilizer stuck down, 3) stabilizer jack defects, necessitating replacement, 4) toilet clogs up constantly due to plumbing problems, 5) water leaking out of toilet bowl, 6) window behind recliners rattles loudly, 7) refrigerator flying open frequently and moving back and forth, during operation, 8) doghouse cover replaced due to defects, 9) "shut off" valve for water tank difficult to access, 10) driver's rear stabilizer does not work after replacement, 11) replacement black tank handle is too far under carriage and difficult to reach, 12) piping is very low and prone to scraping, 13) coach door sticks shut and flies open when seems locked, 14) heater is loud and vibrates, 15) toilet valve flap seal defects necessitating replacement,16) loud noise coming from right front tire area, 17) electric outlet inoperable when traveling, 18) excessive heat coming into cab from engine compartment, 19) stovetop came off while driving down interstate, and 20) refrigerator installed

on an angle. Plaintiff returned the vehicle to Authorized Dealerships for repair on at least 4 (four) occasions. Please see Exhibit C: Repair Orders.

13.     Authorized Dealerships have test driven the vehicle and made repairs to the vehicle, however, the defects continue to exist. During said repairs the Subject Vehicle was out of service for at least 44 (forty-four) days.

14.     Despite the prolonged time during which Defendants were given the opportunity to repair Plaintiff's Vehicle, Defendants failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

15.     The defects experienced by the Plaintiff with the Subject Vehicle substantially impaired its use, value and safety to the Plaintiff, and has shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

16.     Despite Plaintiff's repeated efforts to allow Defendants the opportunity to repair the Subject Vehicle, many nonconforming and defective conditions were not repaired and still exist.

17.     Plaintiff directly notified Defendants of the defective conditions concerning the Subject Vehicle and that Plaintiff desired a buy-back of the Subject Vehicle. Please see Exhibit D: Written Notification.

18.     This cause of action arises out of the Defendants' breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.

19.     As a result, Plaintiff seeks to revoke his acceptance of the Subject Vehicle and be refunded the purchase price, along with all expenses Plaintiff has incurred as a result of the Subject Vehicle's non-conformities, including loss of use of the Subject Vehicle, and reimbursement for expenses related to aftermarket items installed on the Subject Vehicle.

20.     In the alternative, Plaintiff seeks damages in the form of all expenses Plaintiff has incurred as a result of the Subject Vehicle's nonconformities, including loss of use of the Subject Vehicle, diminution of value of the Subject Vehicle, and costs of repair to return the vehicle to its warranted state, as well as reimbursement for expenses related to aftermarket items installed on the Subject Vehicle.

## PLAINTIFF'S CLAIM OF BREACH OF WARRANTY

21.     Plaintiff incorporates by reference all of the allegations set forth above.

22.     Defendant Forest River extended to Plaintiff a 1 (one) year/12,000-mile warranty and Defendant Ford extended to Plaintiff a 3 (three) year/36,000 mile chassis warranty and a    5 (five) year/60,000 mile Powertrain warranty ("Warranties").

23.     Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise his rights under the Warranty.

24.     Defendant Forest River and Defendant Ford have failed to honor the terms of the Warranties.

25.     As a result of the actions set forth above, Defendants have breached the Warranty.

26.     As a result of Defendants' breach of Warranty, Plaintiff has and will continue to suffer significant monetary and consequential damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendants in an amount to be determined at the Trial of the matter, but believed to be monetary relief of $100,000.00 or less, exclusive of costs, interest and attorney fees.

## PLAINTIFF'S CLAIM OF BREACH OF IMPLIED WARRANTY: TEXAS BUSINESS AND COMMERCE CODE SEC. 2.314

27.     Plaintiff incorporates by reference all of the allegations set forth above.

28.     The aforementioned Subject Vehicle purchased by Plaintiff was subject to implied warranties of merchantability under the Texas Business and Commerce Code – Section 2.314.

29.     A warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind as stated in Texas Business and Commerce Code Section 2.314(1). Said implied warranties included, but are not limited to, the following:

    a.  Said Vehicle must pass without objection in the trade under the contract description; and

    b.  Said Vehicle must be of fair average quality; and

    c.  Said Vehicle must be fit for the ordinary purposes for which it is used.

30.     Said Vehicle was not warranted and represented in that Defendants have failed and refused to repair any defects and nonconformities.

31.     Plaintiff has given Defendants a reasonable opportunity to reinstate any and all warranties so as to cure any defects and nonconformities with the Subject Vehicle, but Defendants have failed to do so within a reasonable time and without costs to Plaintiff.

32.     As a result of Defendants' breach of implied warranties, Plaintiff has and will continue to suffer significant monetary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendants in an amount to be determined at the Trial of the matter, but believed to be monetary relief of $100,000.00 or less, exclusive of costs, interest and attorney fees.

## PLAINTIFF'S CLAIM OF BREACH OF THE MAGNUSON-MOSS WARRANTY ACT

33.     Plaintiff incorporates by reference all of the allegations set forth above.

34.     This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

35.     Plaintiff is a consumer as defined by 15 USC § 2301(3).

36.     Defendants are suppliers and warrantors as defined by 15 USC § 2301(4),(5).

37.     The Subject Vehicle is a consumer product as defined by 15 USC § 2301(1).

38.     15 USC § 2301(6), requires Defendants, as warrantors, to remedy any defects, malfunction or nonconformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

39.     The actions of Defendants as herein above described and in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written and implied warranties covering the Subject Vehicle and are a violation of the Magnuson-Moss Warranty Act.

40.     Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendants, Defendants have failed and/or refused to cure any defects and nonconformity with the Subject Vehicle.

41.     As a result of Defendants' breach of express and implied warranties as set forth above, and Defendants' failure to honor its obligations under its warranties, Plaintiff has and will continue to suffer damages as enumerated above.

42.     Defendants have had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

43.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is

entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees

based on actual time expended.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order requiring

Defendants to accept return of the Subject Vehicle and refund Plaintiff the purchase price, together

with any and all incidental and consequential damages, including attorney fees as provided by 15

USC § 2310(d)(2) and such other and further equitable relief to which Plaintiff is entitled.  In the

alternative, Plaintiff seeks damages in the form of all expenses Plaintiff has incurred as a result of

the Subject Vehicle's nonconformities, including loss of use of the Subject Vehicle, diminution of

value of the Subject Vehicle, and costs of repair to return the vehicle back to its warranted state.


## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Matthew S. Eichinger respectfully prays

that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants for damages in an amount within the

jurisdictional limits of the Court; at the maximum rate allowed by law; post-judgment interest at

the legal rate; costs of court; attorney fees and costs; and such other and further relief to which the

Plaintiff may be entitled at law or in equity.


Respectfully submitted,

**LAW OFFICES OF JASON S. HEGEDUS, PLLC**

By:  ___/s/ Adam Mott, Esq.
     Adam Mott, Esq.

Texas State Bar No.: 24089038
2929 Allen Parkway, Suite 200
Houston, Texas 77019
(281) 742-9501 ext. 5125
amott@hegalaw.com

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

# EXHIBIT A

3515428

# Buyer's Order

| Dealer/Seller Name and Address | Buyer/Co-Buyer Name(s) and Address(es) |
|---|---|
| RON HOOVER CO OF BOERNE INC<br>29277 IH 10 WEST<br>BOERNE, TX 78006 | MATTHEW S EICHINGER<br>16668 FALLEN TREE<br>SAN ANTONIO, TX 78247<br>210-771-6356 |

Date          09/06/2019          Stock No. 26317-196121-84160          Salesperson  RICHARD LEWIS (BRN)
App No. 4038394/26877940          Contract No. 3515428

## Vehicle Information

☒ New          ☐ Used          ☐ Demo
Year  2019          Lic. No.
Make  FREELANDER          Odometer Reading 1648
Model  32FS          Color  WHITE
Body Style  ClassC
VIN  1FDXE4FS5JDC13404
Other  N/A
N/A

## Insurance Information

Buyer has arranged insurance on the motor vehicle.
Insurance Company
Policy No.

## Trade-In Information

**Trade-in 1**
Year  2012          Lic. No.
Make  CROSSROADS          Odometer Reading
Model  300CK          Color
Body Style  NA
VIN
Lienholder Name  BOW
Address

Phone  800-827-7500          Payoff  $22,677.10
Payoff good through
Approved

**Trade-in 2**
Year  2012          Lic. No.
Make  FORD          Odometer Reading  56500
Model  LARIAT ECO BOOST          Color
Body Style  NA
VIN  1FTFW1CT3CFB53817
Lienholder Name
Address  N/A

Phone          Payoff
Payoff good through
Approved

## Itemization of Sale

| | | |
|---|---|---:|
| 1. Vehicle Sales Price | $ | 88,898.00 |
| 2. Sales Tax | $ | 3,257.24 |
| 3. Subtotal (Add lines 1 + 2) | $ | 92,155.24 |
| **Title, License & Other Fees** | | |
| 4. Documentary fee | $ | 150.00 |
| 5. License Fee | $ | 182.75 |
| 6. Vehicle Inventory Tax | $ | 161.27 |
| 7. Inspection Fee-Paid to Inspection Station | $ | 7.50 |
| 8. Dealer Prep | $ | 895.00 |
| 9. N/A | $ | 0.00 |
| 10. N/A | $ | 0.00 |
| 11. N/A | $ | 0.00 |
| 12. N/A | $ | 0.00 |
| 13. N/A | $ | 0.00 |
| 14. N/A | $ | 0.00 |
| 15. Total Other Fees<br>(Add lines 4 through 14) | $ | 1,396.52 |
| **Additional Products** | | |
| 16. Route68 for Vehicle Service Contract | $ | 4,593.00 |
| 17. N/A | $ | 0.00 |
| 18. N/A | $ | 0.00 |
| 19. N/A | $ | 0.00 |
| 20. N/A | $ | 0.00 |
| 21. N/A | $ | 0.00 |
| 22. N/A | $ | 0.00 |
| 23. Total Products<br>(Add lines 16 through 22) | $ | 4,593.00 |
| 24. Cash Sale Price (Add lines 3 + 15 + 23) | $ | 98,144.76 |
| 25. Trade-In Allowance | $ | 37,677.19 |
| 26. Less Payoff | $ | 22,677.10 |
| 27. Net Trade Allowance (Line 25-26) | $ | 15,000.00 |
| 28. Cash Down Payment | $ | 250.00 |
| 29. Deferred Down Payment | $ | 0.00 |
| 30. Total Down Payment<br>(Line 27 + 28 + 29) | $ | 15,250.00 |
| 31. Total Balance Due (Line 24-30) | $ | 82,894.76 |

A documentary fee is not an official fee. A documentary fee is
not required by law, but may be charged to buyers for handling
documents relating to the sale. A documentary fee may not
exceed a reasonable amount agreed to by the parties. This
notice is required by law.

Buyers Order-TX
Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ELECTRONIC OR PRINTED VERSIONS OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

BUY-ORDER-TX  4/1/2010

Page 1 of 3

# EXHIBIT B

# *Warranty*

## LIMITED WARRANTY MOTORIZED PRODUCTS                                    FOREST RIVER INC.
## RECREATIONAL VEHICLES BY FOREST RIVER INC.

Thank you for choosing to purchase a Recreational Vehicle by Forest River Inc., a fine product in which design and construction have received the care that quality demands. This important warranty covers many items and is indicative of our desire to stand behind our products and assure our customers' complete satisfaction. If at any time the need arises to speak with a Forest River representative please find our contact information in our owner's manual or at www.forestriverinc.com.

WARRANTY COVERAGE SUMMARY OF WARRANTY: Forest River Inc., 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030 (Warrantor) warrants to the ORIGINAL CONSUMER PURCHASER ONLY, when purchased from an authorized Forest River Inc. dealer, for a period of one (1) year or twelve thousand (12000) miles, whichever occurs first from the date of purchase (Warranty Period), that the body structure of this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to Warrantor.

EXCLUSIONS FROM THIS WARRANTY: Warrantor expressly disclaims any responsibility for damage to the unit where damage is due to condensation, normal wear and tear or exposure to elements. Warrantor makes no warranty with regard to, but not limited to, the chassis including without limitation, any mechanical parts or systems of the chassis, axles, tires, tubes, batteries and gauges, optional generators, routine maintenance, equipment and appliances, or audio and/or video equipment. Their respective manufacturers and suppliers may warrant some of these items. Warranty information with respect to these items is available from your dealer.

This recreational vehicle is designed solely for its intended purpose of recreational camping and personal use. Warrantor makes no warranty with regard to any recreational vehicle used for commercial, rental, or business purposes, or any recreational vehicle not registered and regularly used in the United States or Canada. For purposes of this limited warranty, it shall be deemed conclusive evidence of commercial, rental, or business purposes if the recreational vehicle is licensed, titled, registered, or insured in the name of any corporation, LLC, or any other form of business or commercial entity.

LIMITATION AND DISCLAIMER OF WARRANTIES: WARRANTOR EXPRESSLY LIMITS THE DURATION OF ALL EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE EXCEPT IN THOSE STATES THAT DO NOT ALLOW THIS EXCLUSION. WARRANTOR EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD. No action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration of the Warranty Period. There is no warranty of any nature made by the Warrantor beyond that contained in this Warranty. No person has authority to enlarge, amend or modify this Warranty or to bind the Warrantor to any action under this warranty, except the Warrantor.

Some states allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

DISCLAIMER OF CONSEQUENTIAL AND INCIDENTAL DAMAGES: THE ORIGINAL CONSUMER PURCHASER OF THIS RECREATIONAL VEHICLE AND ANY PERSON TO WHOM THIS UNIT IS TRANSFERRED, AND ANY PERSON WHO IS AN INTENDED OR UNINTENDED USER OR BENEFICIARY OF THIS UNIT, SHALL NOT BE ENTITLED TO RECOVER FROM WARRANTOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES.

Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you.

NOTICE of any dispute or claim arising under this warranty or any applicable Federal or State laws must be sent to Warrantor at: Forest River Inc.. 55470 CR 1, P.O. Box 3030, Elkhart, Indiana 46515-3030

The terms, conditions, rights and responsibilities of this warranty shall be governed by the laws of the State of Indiana notwithstanding any other state laws.

WARRANTOR'S OBLIGATIONS: Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair or replacement. Warranty performance can only be obtained at Warrantor's authorized dealers and service centers and from Warrantor at the discretion of the Warrantor. All costs incurred in transporting this recreational vehicle for warranty service shall be borne by Purchaser. Warrantor shall remedy the defect within a reasonable amount of time after appointment and delivery by Purchaser. All of Warrantor's expenses in remedying the defect shall be borne by the Warrantor.

PURCHASER'S OBLIGATIONS: Purchaser shall deliver this recreational vehicle for warranty service within a reasonable time after discovery of the defect and in no event after expiration of the Warranty Period, which Warranty Period is one (1) year. All expenses incurred by Purchaser in obtaining warranty service shall be borne by Purchaser. Warranty service shall, whenever possible, be scheduled with the selling dealer by an appointment in order to avoid possible delays. Purchaser can, if necessary, obtain a list of persons authorized to perform warranty service by contacting Warrantor at the above address. No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacturer and/or Warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURER, AT ITS DIRECT OPTION, SHALL HAVE A FINAL OPPORTUNITY TO REMEDY.

EVENTS DISCHARGING WARRANTOR FROM OBLIGATION UNDER THIS WARRANTY: Misuse or neglect, including failure to provide reasonable and necessary maintenance, unauthorized alteration, accident, and improper loading, commercial use or leasing of the recreational vehicle, shall discharge Warrantor from any obligation under this Warranty. Notwithstanding these or other terms discharging the Warrantor, the provision of service by a Forest River authorized service center, authorization of repairs by Forest River, or any other attempt to resolve a complaint or request for warranty service shall not constitute a waiver of Warrantor's rights.

PARTS AND DESIGN CHANGES: Warrantor reserves the right to change the parts and design of its recreational vehicle from time to time without notice and with no obligation to maintain spare parts or make corresponding changes in its products previously manufactured.

OBTAINING WARRANTY SERVICE: To ensure your local dealer's personal interest in your complete satisfaction, it is recommended that all warranty service be performed by the authorized dealer from whom you purchased your unit. Following a move or as you are traveling, should warranty service become necessary, such service shall be performed by any authorized dealer in the United States or Canada. Such service shall also, whenever possible, be scheduled by an appointment in order to avoid possible delays.

WARRANTY REGISTRATION: A warranty registration is to be completed by the owner at the time of purchase and returned to the Warrantor. The return of this registration is a condition precedent to warranty coverage; failure to return the completed registration to Warrantor will invalidate this Warranty.

OTHER WARRANTIES: As indicated in the paragraph above, entitled 'Exclusions From This Warranty', certain items that are not covered by this Warranty may be warranted separately by their manufacturers or suppliers. In order to validate those warranties, you may also be required to complete and return to the appropriate manufacturer the warranty forms included with the information package. See these warranties with respect to their terms and conditions. These other warranties may cover such items as chassis, tires, tubes, batteries, optional generators, and appliances, which are not covered by this Limited Warranty. For service or parts required for these products, it may be necessary to write or call the product manufacturer to obtain the nearest authorized service center location. In requesting parts for separately warranted products from the manufacturer of the product or its authorized service center, it may also be necessary to first obtain a warranty work authorization number before the work is done. It may also be necessary to provide the Product Name, Model and Serial Number along with the description of the problem and part needed, plus shipping instructions.

OWNER ASSISTANCE: Your confidence and goodwill are important to Forest River Inc. as is maintaining a pleasant relationship with our dealers. We, at Forest River, recognize that there may be occasions when a warranty or service problem is not handled to your satisfaction. After discussing the situation with the dealership management, if your problem has not been resolved to your satisfaction, we welcome you to contact the Forest River Customer Service Manager at the address listed above. Our recommendations for an agreeable solution will be communicated to the local dealer. **Forest River customer service contacts can be found in our owner's manual or by visiting www.forestriverinc.com.**

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS AND YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.

Revised 3/25/19

# EXHIBIT C





**RV LIFE IS SMORE FUN!** AT RV'S NORTHWEST

W/O: 12210  EICHINGER, MATT

WO #: 12210  (Appointment Date: 24 SEP 2019 - Time: 07:00am)
Customer: 23193 - EICHINGER, MATT
Address:
  , WA

Home Phone: (210) 771-6356
Work Phone:
Author:DESIREE
Location: IH
Invoice #:

Stock #:
Stock Desc: 2019 MC COACHMEN FREELANDER
Model:
Serial #:
Chassis #: 1FDXE4FS5JDC13404
Mileage:
Key #:  1148
Req'n #:
License #:
Trim:

Purchase Date:
Date In: 24 SEP 19
Promise Date:
Promise Time:
Schedule Date:
Completed:
Warr. Date:

---

**Job #1 - External**
COMPLAINT: STABLIZER STUCK DOWN CUSTOMER HAS REPLACEMENT PART.

CORRECTION: INSTALLED NEW STABLIZER JACK AND SECURED ALL OTHER WIRES.

Subtotal for Job #1:          71.50

SALE

RV's Northwest
18919 E Broadway AVE
SPOKANE VALLE, WA 99016
509-924-8800
39300982473794

MID: 3794    Store: 0001    Term: 0002
Batch #: 009    REF#: 00000001
09/24/19    RRN: 9257 8606 9613
Trans ID: 092AMDLGKGKNF    0858602
APPR CODE: 065656
MASTERCARD
************2526    Chip
                    */*

AMOUNT        $77.87

APPROVED

Debit MasterCard
AID: A0000000041010
TVR: 00 00 00 80 00
TSI: E8 00

THANK YOU!

CUSTOMER COPY

Parts Total:       0.00
Labour Total:      65.00
Sublet Total:      0.00
Extras Total:      6.50
Tax Total:      6.37
Work Order Total:      77.87

Customer Signature :                                          Date: 24 Sep 2019

I UNDERSTAND THAT I AM RESPONSIBLE FOR THE PAYMENT OF THE WORK PERFORMED
BY RVs NORTHWEST IN IT'S ENTIRETY. ANY AMOUNTS NOT PAID FOR UNDER THE
MANUFACTURER'S WARRANTY OR EXTENDED WARRANTY ARE MY FULL RESPONSIBILITY.






RON HOOVER COMPANIES OF BOERNE, INC.
29277 IH-10 WEST
BOERNE TX
US
78006
830-981-9543

WORK ORDER # 12095

```
Completed:                          Customer: 196121 - EICHINGER, MATTHEW
Invoice #:                           Address: 16668 FALLEN TREE
    Author: SO17177                            SAN ANTONIO, TX
  Stock No: 26317                                78247
 Year/Make: 2019 MC COACHMEN FREEL   Home Phone: (210) 771-6356
     Model: 32FS                     Work Phone:
 Serial No: FLW422309              Purchase Date: 06 SEP 19
Chassis No: 1FDXE4FS5JDC13404            Date In: 10 OCT 19
   Mileage: 1459                    Promise Date: 10 OCT 19
    Key No:                        Schedule Date:
  Location: IH                       License No:
   Reqn No:                                Trim: NUTMEG
Warr. Date: 06 SEP 19              Promise Time:
  Cust PO#:
Print Date: 31 OCT 19
```

**************************************************************************
Job #   Description      JOB INFORMATION      Type Bill To
**************************************************************************
1       COMPLAINT:   C/S TOILET CLOGS UP-THERE WAS A CLOG AT   E   196121 EICHI
                     TIME OF DROP OFF-CUSTOMER STATED IT WAS
                     EMPTY
        CAUSE:       TOILET HAS LOTS OF DRIED PAPER CAUSING
                     CLOG-NOT ENOUGH WATER
        CORRECTION:  CLEAN AND FLUSH TANK-R/RI TOILET TO
                     INSPECT DOWNPIPE-DISTANCE IS
                     GOOD-INSPECTED PLUMBING-ALL GOOD
2       COMPLAINT:   C/S WINDOW BEHIND RECLINERS RATTLES       E   196121 EICHI
                     LOUDLY
        CAUSE:       CND-TEST DROVE-NO ABNORMAL NOISE-LOW
                     FUEL LEVEL-COULD ONLY TEST FOR A FEW
                     MILES
        CORRECTION:  TEST DROVE AND USED COMPRESSED AIR TO
                     BLOW AROUND WINDOW-COULD NOT DUPLICATE
3       COMPLAINT:   C/S THE FRIDGE KEEPS FLYING OPEN AND      W   1032   FORES
                     MOVES BACK AND FORTH ~STILL HAS CONCERNS~
        CAUSE:       NOT SECURED AT TOP  SEAN IS WORKING ON THIS (SMO)
        CORRECTION:  FABRICATE SOME BRACING TO PREVENT
                     MOVEMENT-PARTIAL R/RI OF FRIDGE (1.5)
7       COMPLAINT:   C/S THE DESIGN OF CAB CREATES EXTREME     E   196121 EICHI
                     HEAT IN THE LEG WELLS ENGINE IS UNDER
                     THAT COVER-GETS HOT.
        CAUSE:       NOTE-THSES CUSTOMERS HAD A COUPLE
                     THOUSAND MILE TRIP WITH HOURS OF
                     DRIVING-WE CANNOT DUPLICATE THE EXTREME
                     HEAT-SOME HEAT IS NORMAL.
        CORRECTION:  R/R DOGHOUSE COVER AND INSPECT FOR

Continued on page 2

PAGE 2

Work Order : 12095

```
********************************************************************
Job #    Description      JOB INFORMATION        Type Bill To
********************************************************************
                 PROBLEMS-NONE FOUND JUST NOTE.
8       COMPLAINT:   C/S THE PLACEMENT OF THE SHUT OFF VALVE  E   196121 EICHI
                 FOR THE WATER TANK IS TOO HARD TO
                 ACCESS-UNDER THE BED-
        CAUSE:       NO LIFT SUPPORTS THIS IS DESIGNED THIS
                 WAY JUST NOTE.
        CORRECTION: NONE
9       COMPLAINT:   C/S THERE IS NO SPACE TO PREPARE       E   196121 EICHI
                 FOOD-THERE SHOULD AT LAST BE A LIFT UP
                 EXTENSION.(2)THE SINK COER SHOULD BE IN
                 2 PARTS SO THERE IS A WORK SURFACE AND
                 WATER AVAILABLE INSTEAD OF ONLY A HEAVY
                 COUNTER.(3)THE COUCH TABLES ARE USELESS
                 ONE IS STAYING IN A SITE FOR MORE THEN
                 ONE NIGHT AND DOES NOT WANT TO USE THE
                 SLEEPER.(4)SLEEPER IS HEAVY- NO LIFT
                 HANDLES.(5)THE ANTENNA HANDLE IS TOO
                 HIGH.(6)THE BATHROOM IS REALLY CRAMPED.
        CAUSE:       (8)THE CAB DISPLAY SCREEN IS ON ANGLE
                 THAT MAKES IT DIFFICULT FOR THE DRIVER
                 TO SEE.(9) SHORT SEAT DEPTH IN CAB.(10)
                 NO VISOR MIRRORS IN CAB.(11) OUTSIDE
                 MIRRORS ARE MANUAL ADJUSTING-NOT REMOTE.
        CORRECTION: JUST NOTING THESE CONCERNS.
10      COMPLAINT:   C/S HIS DRIVERS REAR STABILZER DOES NOT  E   196121 EICHI
                 WORK EVEN AFTER REPLACING IT FOOT WAS
                 JAMMED UP AT FIRST ATTEMPT-WOULD
                 NOTWORK-FOOT WAS JAMMED UP WHEN
                 RETRACTED-REPOSITION FOOT-RAN MULTIPLE
                 NO LIFT SUPPORTS THIS
        CAUSE:       C/S HE HAD TO PLAY ABOUT $282.00 TO HAVE
                 THIS JACK REPLACED BY A NON COACHMAN
                 SERVICE PROVIDER.
        CORRECTION: JUST NOTE FOR THE CUSTOMER.
11      COMPLAINT:   C/S THE REPLACEMENT BLACK TANK HANDLE IS E   196121 EICHI
                 TOO FAR UNDER THE CARRIAGE AND AND
                 DIFFICULT TO REACH AND PIPING IS VERY
                 LOW AND PRONE TO SCRAPING DRAINAGE
                 SYSTEM IS DESIGNED THIS WAY.
        CAUSE:       JUST NOTED
12      COMPLAINT:   C/S THE COACH DOOR STICKS SHUT AND ALSO  E   196121 EICHI
                 FLIES OPEN WHEN SEEMS LOCKED-STUCK
                 INSIDE COACH SEVERAL TIMES CND DOOR
                 OPEN/CLOSES NORMALLY-COULD NOT DUPLICATE
                 CUSTOMERS SPECIFIC CONCERNS JUST NOTE.
        CAUSE:       JUST A NOTE.
        CORRECTION: JUST A NOTE.
13      COMPLAINT:   C/S HEATER IS LOUD AND VIBRATES NONE     E   196121 EICHI
                 TECH COULD NOT DUPLICATE THIS CONCERN
```

Continued on page 3

PAGE 3

Work Order : 12095

```
                    JUST NOTE.
        CAUSE:      JUST A NOTE.
        CORRECTION: JUST A NOTE.
15      COMPLAINT:  C/S COULD NOT INSTALL SIRIUS RADIO      E    196121 EICHI
                    WITHOUT AN ADDITIONAL PART ALTHOUGH IT
                    IS ON THE MENU NONE STEREO IS
                    PREPPED-NEED TO ADD ANTENNA AND SERVICE
                    PLAN JUST NOTE.
        CAUSE:      JUST A NOTE.
        CORRECTION: JUST A NOTE.
16      COMPLAINT:  C/S THE TOILET DOES NOT HOLD WATER      W    1032    FORES
        CAUSE:      FLAP SEAL NOT SITTING PROPERLY
        CORRECTION: R/RI VALVE FLAP SEAL-REPOSITION
```

```
**********************************************************************
Job# Lab Code  Description    LABOUR   Mech Bill to   Hrs    Rate    Total
**********************************************************************
   1 L                                 JXM2 E-196121  1.00  129.00  129.00
   3 L         D                       RHB  W-1032     0.50  129.00   64.50
  16 L         D                       RHB  W-1032     0.50  129.00   64.50
```

```
**********************************************************************
Job #  Excode   Description   EXTRAS         bill to   Qty   Price    Total
**********************************************************************
   1  SSN      TOILET FLUSH                  E-196121  1.00  25.00    25.00
```

```
**********************************************************************
                       CUSTOMER COMMENTS
**********************************************************************
SMO-10/18/2019-CALLED AND LEFT MESSAGE
SMO-10/18/2019-SPOKE TO MATT-UPDATED CUSTOMER ON PROGRESS AND DETAILS OF
REPAIRS-WE ARE PENDING APPROVAL FROM COACHMAN-REASSURED HIM THAT WE CAN
RESOLVE THESE SERVICE ISSUES-WILL HAVE AN ADVISOR FOLLOW UP ON PROGRESS.
CK-10/21/19  CLAIM- 010159
SMO-10/25-LEFT MESSAGE FOR MR. EICHINGER-WE ARE FINISHING UP ON HIS
REPAIRS-I WILL QC AND HOPEFULLY HAVE HIM READY ON MONDAY-10/28/2019-I
WILL FOLLOW UP LATER TODAY.
SMO-10/25-SPOKE TO MR. EICHENGER-REVIEWED REPAIR STATUS-I WILL FOLLOW UP
ON MONDAY-10/28/2019
SMO-10/28-SPOKE TO MR. EICHENGER-ALL REPAIRS LOOK GOOD-I LET HIM I SPOKE
WITH RICH REGARDING HIS JACK CONCERN AND WE WILL DO THIS TODAY/TOMORROW
AND I WILL FOLLOW UP.
SMO-10/29/2019-SPOKE TO MATT-RV IS READY FOR PICK UP-SCHEDULED FOR
10/31/2019 AT 11AM.
```

```
**********************************************************************
                       BILLINGS SUMMARY
Type Bill Id     Parts    Labour   Sublet   Extras     Tax    Total
**********************************************************************
E    196121      0.00     129.00     0.00    25.00    1.69   155.69
W    1032        0.00     129.00     0.00     0.00    0.00   129.00
```

Continued on page 4

PAGE 4

Work Order : 12095

```
*****************************************************************
                         BILLINGS SUMMARY
Type Bill Id     Parts    Labour    Sublet    Extras     Tax     Total
*****************************************************************
      Totals     0.00    258.00      0.00     25.00     1.69    284.69
```

The above said vehicle has been received as promised.  I have inspected
the condition of my unit and found it to be satisfactory inside and
outside.  After careful inspection of work performed and materials
furnished, both the work performed and materials used were found to be
satisfactory.____  I understand there is a 60 day warranty on any labor
performed and the warranty on the parts used is backed by the
manufacturer of the part.  There is no warranty on goodwill repairs
made at the dealerships expense.

Signature:_____Date:_____

Vehicle drop off date:_____
Date of appointment:_____
Repair Completion Date:_____
Notified of Completion Date:_____
 Date released:_____
 I/we the undersigned ackowledge the forgoing as factual and I/we hereby
 acknowledge receipt of completed copy.

Signature of Owner:_____


 If dealership is unable to complete repairs immediately following
 drop-off, customer elects to store recreational vehicle at dealership
 until repairs are completed. Customer agrees that such storage is
 voluntary and does not prevent use of recreation vehicle.

Customer Signature:_____

CUSTOMER #: 1FDXE4FS5JDC13404     **165997**

**GRANDE TRUCK CENTER**
MACK
4562 INTERSTATE 10 EAST
P.O. BOX 201210 SAN ANTONIO, TEXAS 78220
PHONE: (210) 661-4121
San Antonio's largest truck distributor

MATT EICHINGER

*INVOICE*

PAGE 1

HOME:
BUS:
CONT:N/A
CELL:

SERVICE ADVISOR: 9792 ROXY MORRIS

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|-----------|-----|---------|------------------|-----|
|  | 18 | FORD F450 | 1FDXE4FS5JDC13404 |  | 6483/6484 | T2372 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|-----------|-----------|----------|--------|------|---------|-----------|
| 06SEP19 DD |  |  | 17:30 24JAN20 |  | 0.00 | CASH | 28JAN20 |

| R.O. OPENED: | READY | OPTIONS: | DLR:52E909 |
|--------------|-------|----------|------------|
| 10:21 07JAN20 | 08:47 28JAN20 | | |

| LINE | OPCODE | TECH | TYPE | HOURS | | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|--|------|-----|-------|

A EXCESSIVE HEAT COMING INSIDE FROM ENGINE
    MISC MISC REPAIRS
        190 BURGER,BRYAN LIC#: 000534228
            CP             0.00     0.00
      *********************************************************

B** LUBE OIL FILTER
CAUSE: CHANGED OIL & FILTER
    LOF LUBE OIL FILTER
        9778   CP                         30.00   30.00
      1 F1AZ*6731*BD FILTER ASY - OIL      7.69   4.50     4.50
      7 XO*5W20*BSP MOTORCRAFT SAE 5W-20 SN SNPLUS   3.08   2.87    20.09
      **************************************************
SHOP SUPPLIES                                    3.36
                   *******OPEN SATURDAY*******************

FOR YOUR CONVENIENCE WE ARE NOW OPEN ON
SATURDAY FROM 7:00AM UNTIL 3:00PM FOR ALL
YOUR MAINTENANCE NEEDS. ASK YOUR SERVICE
ADVISOR FOR DETAILS AND SCHEDULE AN
APPOINTMENT.

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE INFORMATION CONTAINED HEREON IS ACCURATE UNLESS OTHERWISE SHOWN. SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO OWNER. THERE WAS NO INDICATION FROM THE APPEARANCE OF THE VEHICLE OR OTHERWISE, THAT ANY PART REPAIRED OR REPLACED UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY ACCIDENT, NEGLIGENCE OR MISUSE. RECORDS SUPPORTING THIS CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY MANUFACTURER'S REPRESENTATIVE.

(SIGNED)    DEALER, GENERAL MANAGER OR AUTHORIZED PERSON    (DATE)

**STATEMENT OF DISCLAIMER**
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | 30.00 |
| PARTS AMOUNT | 24.59 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| EPA CHARGES | 3.36 |
| TOTAL CHARGES | 57.95 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 2.03 |
| **PLEASE PAY THIS AMOUNT** | 59.98 |





CUSTOMER #: 1FDXE4FS5JDC13404      **166346**



*INVOICE*

**GRANDE TRUCK CENTER**
4562 INTERSTATE 10 EAST
P.O. BOX 201210  SAN ANTONIO, TEXAS 78220
PHONE: (210) 661-4121
San Antonio's largest truck distributor

MATT EICHINGER

HOME:      CONT:N/A
BUS:      CELL:

PAGE 1

SERVICE ADVISOR: 9792 ROXY MORRIS

 

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| | 18 | FORD F450 | 1FDXE4FS5JDC13404 | | 6488/6488 | T2372 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO.NO | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 06SEP19 DD | | | 17:30 28JAN20 | | 0.00 | CASH | 02MAR20 |

| R.O. OPENED | READY | OPTIONS: DLR:52E909 |
|---|---|---|
| 15:23 28JAN20 | 09:27 02MAR20 | |

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|
| A | ADD HEAT SHIELDS. | | | | | | | |
| | MISC MISC REPAIRS | | | | | | | |
| | 190 BURGER,BRYAN LIC#: 000534228 | | | | | | | |
| | CP | | | | | 135.00 | | 135.00 |
| | 1 OSP DES 010401 | | | | | 85.78 | 85.78 | 85.78 |

6488 Installed extra heat sheilds on passenger side foot well area.
*********************************************

SHOP SUPPLIES                                   15.12

**************OPEN SATURDAY*****************

FOR YOUR CONVENIENCE WE ARE NOW OPEN ON
SATURDAY FROM 7:00AM UNTIL 3:00PM FOR ALL
YOUR MAINTENANCE NEEDS. ASK YOUR SERVICE
ADVISOR FOR DETAILS AND SCHEDULE AN
APPOINTMENT.

ON BEHALF OF SERVICING DEALER, I HEREBY CERTIFY THAT THE INFORMATION CONTAINED HEREON IS ACCURATE UNLESS OTHERWISE SHOWN. SERVICES DESCRIBED WERE PERFORMED AT NO CHARGE TO OWNER. THERE WAS NO INDICATION FROM THE APPEARANCE OF THE VEHICLE OR OTHERWISE, THAT ANY PART REPAIRED OR REPLACED UNDER THIS CLAIM HAD BEEN CONNECTED IN ANY WAY WITH ANY ACCIDENT, NEGLIGENCE OR MISUSE. RECORDS SUPPORTING THIS CLAIM ARE AVAILABLE FOR (1) YEAR FROM THE DATE OF PAYMENT NOTIFICATION AT THE SERVICING DEALER FOR INSPECTION BY MANUFACTURER'S REPRESENTATIVE.

(SIGNED)    DEALER, GENERAL MANAGER OR AUTHORIZED PERSON    (DATE)

STATEMENT OF DISCLAIMER
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 135.00 |
| PARTS AMOUNT | 85.78 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| EPA CHARGES | 15.12 |
| TOTAL CHARGES | 235.90 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 7.08 |
| PLEASE PAY THIS AMOUNT | 242.98 |



# EXHIBIT D

# LAW OFFICES OF JASON S HEGEDUS PLLC

Attorneys and Counselors at Law
2929 Allen Pkwy
Suite 200
Houston, TX 77019

Telephone (281) 742-9501
Facsimile (888) 809-7010
Email: info@hegalaw.com

October 14, 2019

COACHMEN RV
423 N Main Street P.O. Box 30
Middlebury, IN 46540

Re: Matthew Eichinger
      Vehicle: 2019 Coachmen Freelander Class C
      VIN: 1FDXE4FS5JDC13404

Dear Sir/Madam:

Please be advised that this law firm represents the legal interests of Matthew Eichinger relating to the purchase of the above-mentioned vehicle. Let this letter serve as notification that you immediately cease and desist all communications with our client. The only exception is the dealership may communicate with the client in reference to future repairs. Moreover, if you make any attempts to settle with our client without including all statutory relief, including all damages attorney fees and costs the consumer is entitled to, we may file suit against you. This letter hereby notifies you of our attorney's lien with respect to our client.

Please let this letter also serve as notification that our client's vehicle is defective. The vehicle has been brought in for repairs several times for numerous defects and although you have been afforded sufficient opportunities for repairs, the defects continue to exist and substantially impair the use and value and/or safety of the vehicle. If you are interested in any further repairs pursuant to the Lemon Law you must contact me immediately. Our client demands that you immediately take action as required by law.

This letter shall also serve as our client's Revocation of Acceptance pursuant to the Uniform Commercial Code § 2608 and notice of defect under the Lemon Law. Due to the serious defects with the Vehicle since its purchase, our client hereby demands a return of the full purchase price along with all interest paid on the finance note as well as attorney fees and incidental and consequential damages within 10 days of receipt of this letter to settle this matter prior to filing a lawsuit.

Please be advised that if you do not adhere to our demands within 10 days, our client has instructed me to file a lawsuit against you asserting claims that include, but in no way are limited to, breach of warranties, both express and implied, violation of the Magnuson Moss Warranty Act, violation of the Lemon Law, revocation of acceptance, and common law breach of contract. Please direct all future communication to my attention.

Respectfully submitted,

LAW OFFICES OF JASON S HEGEDUS PLLC
By: s/n Adam Mott
Attorney for Plaintiff

CC: Ron Hoover RV & Marine of San Antonio, 29277 IH - 10 West, Boerne, TX 78006

CERTIFIED MAIL

7019 1120 0001 3176 4410

MARY ANGIE GARCIA
BEXAR COUNTY DISTRICT CLERK
Paul Elizondo Tower
101 W. Nueva, Suite 217
San Antonio, TX 78205-3411

COACHMEN RV
C/O CORPORATION SERVICE CSC-LAWYERS INCORP
211 EAST 7TH STREET 620
AUSTIN, TX 78701

2020C1D7178  4/21/2020  CITCH  LAURA CASTILLO

FILED
5/4/2020 3:52 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Michael Yanas

## CAUSE NO. 2020CI07178

| | | |
|---|---|---|
| MATTHEW S. EICHINGER, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| COACHMEN RV, a division of | § | |
| FOREST RIVER, INC. and FORD | § | |
| MOTOR COMPANY, | § | |
| | § | |
| **Defendants.** | § | 225TH JUDICIAL DISTRICT |

## <u>DEFENDANT FOREST RIVER, INC.'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FOREST RIVER, INC., Defendant, in the above-styled and numbered cause and makes and files this its Original Answer in response to Plaintiff's Original Petition (or latest live pleading subsequently filed) and would respectfully show unto the Court the following:

### I.

### ANSWER

**A.   General Denial**

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition (or latest live pleading subsequently filed) and demands strict proof thereof by the appropriate standards of proof under Texas law. *See* Tex. R. Civ. P. 92.

**B.   Defenses/Affirmative Defenses**

1)   Plaintiff fails to state or plead cognizable causes of action.

2)   Plaintiff's claims are not available or valid since any non-conformities about which Plaintiff complains have been seasonably cured or, alternatively, Defendant has not had an adequate notice and opportunity to cure such alleged non-conformities.

1

3)     Plaintiff's claims are not available since there was a substantial change in the condition of the motorhome which was not caused by its own alleged defects.

4)     To the extent Plaintiff claims Defendant breached an express warranty, implied warranty of merchantability or implied warranty of fitness for particular purpose, Plaintiff is barred or limited from recovery herein by the conspicuous limitation and disclaimer of warranties language contained in paperwork (e.g. sales contract or Forest River's limited warranty document) provided to Plaintiff.

5)     To the extent Defendant has provided a warranty of any type to Plaintiff (*e.g.* express, implied warranty of merchantability or implied warranty of fitness for particular purpose), Plaintiff is limited or barred altogether from recovery of damages herein, including incidental and consequential damages, by the conspicuous limitation of remedies provision(s) contained in the paperwork (e.g. sales contract or Forest River limited warranty document) provided to Plaintiff.

6)     To the extent Defendant has provided a warranty of any type to Plaintiff (*e.g.* express, implied warranty of merchantability or implied warranty of fitness for particular purpose), Plaintiffs are barred from recovery herein by the conspicuous warranty disclaimers, including language limiting the duration of any implied warranties, contained in the paperwork (e.g. sales contract or Forest River limited warranty document) provided to Plaintiff.

7)     Plaintiff, due to his own negligence, is barred from recovery by the doctrines of comparative negligence, contributory negligence, comparative responsibility and/or comparative causation. *See generally* Chapter 33, Texas Civ. Pract. & Rem. Code.

8)     Plaintiff is barred from recovery because his own misuse of, improper use of, unreasonable use of, or failure to provide reasonable and necessary maintenance to the motorhome made the basis of this lawsuit proximately caused the alleged damages about which he now complains and

for which she now seeks recovery.

9)     Any damages alleged by Plaintiff was solely caused by the acts or omissions of others (including but not limited to third parties) over whom Defendant has no supervision or control, and there was no damage proximately resulting from the conduct of Defendant.

10)    Plaintiff's claims, if any, for loss of use damages is too speculative to be an appropriate measure of damages at trial.  Unlike for example, automobiles, motorhomes are usually not used on a daily basis.  Plaintiff is unable to demonstrate with any adequate certainty that he would have used the motorhome at issue during most, if not all, of the times it was allegedly being repaired or out of service.

11)    Plaintiff is barred from recovery as set forth in the events discharging warrantor from obligation pursuant to the terms of express warranty including, but not limited to, providing Defendant with adequate and sufficient notice of any alleged problems of the motorhome covered under Defendant's limited written warranty and allowing Defendant with an opportunity to cure any alleged problems with the motorhome under Defendant's limited written warranty.

12)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available against Defendant since Plaintiff is not in contractual privy with Defendant.

13)    Plaintiff's claim for rescission or revocation of acceptance, if any, is not available since Plaintiff did not properly revoke acceptance of the motorhome in issue.

14)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available since no non-conformities in the motorhome exist, let alone non-conformities which substantially impair the motorhome's value or use to Plaintiff.

15)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available since any non-conformities about which Plaintiff complains have been seasonably cured or,

3

alternatively, Defendant has not had an adequate opportunity to cure such alleged non-conformities.

16)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available since he did not seasonably or timely notify Defendant of his desire or intent to revoke acceptance.

17)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available since Plaintiff did not revoke acceptance, if at all, within a reasonable time after he discovered or should have discovered the ground(s) for it.

18)    Plaintiff's claim for rescission or revocation of acceptance, if any, are not available since, prior to revocation, there was a substantial change in the condition of the motorhome, which was not caused by its own alleged defects.

19)    Plaintiff's claims for rescission or revocation of acceptance, if any, are not available since, after revoking acceptance, if at all, Plaintiff did not adhere to his post-revocation duties under the UCC.  *See e.g.* Tex. Bus. & Comm. Code §2-608(c); Tex. Bus. & Comm. Code §§2-602, 2-604. Specifically, Plaintiff has failed to mitigate damages by reselling the motorhome at issue as discussed in §2-604.  Plaintiff instead has continued to keep and use, at his option, the motorhome, benefiting therefrom, all the while contributing to its wear, tear, and depreciation in value beyond that which would normally occur.

20)    Plaintiff's claims for rescission or revocation of acceptance, if any, are not available since equitable remedies such as those are not available when an adequate remedy at law – money damages in particular – is available.  In this matter, money damages are available to make Plaintiff whole in the event his claims are determined to have merit.

21)    Plaintiff's claims in whole or part are barred by the exclusions contained in the express warranty.

22)   Plaintiff is barred from recovery as set forth in the events discharging warrantor from obligation pursuant to the terms of the express warranty.

23)   Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves its right to amend its answer to assert such defense(s).

## II.

### JURY DEMAND

Defendant hereby demands a jury trial on all issues so properly triable.

## III.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays as follows:

1.   That Plaintiff take nothing by reason of his Original Petition (or latest live pleading subsequently filed), and that judgment be rendered in favor of Defendant;

2.   That Defendant be awarded its costs of suit incurred in defense of this action;

3.   For such other relief as the Court deems proper.

Respectfully submitted,

/s/ D.G. Majors
D.G. Majors, TX Bar No. 24013086
CROWE, ARNOLD & MAJORS LLP
6550 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-231-0555 Telephone
214-231-0556 Facsimile
Email: dmajors@camlawllp.com
**ATTORNEY FOR DEFENDANT**
**COACHMEN RV, a Division of FOREST**
**RIVER, INC.**

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020 a true and correct copy of the above and foregoing document has been served upon the following counsel:

Adam Mott
Law Offices of Jason S. Hegedus, PLLC
2929 Allen Parkway, Suite 200
Houston, Texas 77019
Telephone (281) 742-9501 ext. 125
Facsimile (888) 809-7010
amott@hegalaw.com
*Attorney for Plaintiff Matthew S. Eichinger*

/s/ D.G. Majors
D.G. Majors

**CAUSE NO. 2020CI07178**

| | | |
|---|---|---|
| MATTHEW S. EICHINGER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| COACHMEN RV, a division of FOREST | § | |
| RIVER, INC. and FORD MOTOR | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | 225TH JUDICIAL DISTRICT |

**DEFENDANT FORD MOTOR COMPANY'S SPECIAL EXCEPTIONS, ANSWER TO PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RELIANCE ON JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Ford Motor Company ("Ford"), and files this its Special Exceptions, Answer to Plaintiff's Original Petition, Request for Disclosure, and Reliance on Jury Demand as follows:

**A.   SPECIAL EXCEPTIONS**

1.   Ford specially excepts to Plaintiff's Original Petition pursuant to TEX. R. CIV. P. 47 and asks that Plaintiff be required to replead and to identify the maximum amount of damages being sought.

**B.   GENERAL DENIAL**

2.   Ford exercises the right granted to it by law to file a general denial and denies each and every material allegation of fact contained in Plaintiff's Original Petition and demands strict proof thereof.

**C.   AFFIRMATIVE DEFENSES**

3.   The vehicle's limited, express warranty contains a valid and effective limitation of remedies.

4.      The vehicle's limited, express warranty validly and effectively excludes loss of use damages as well as all consequential and incidental damages.

5.      The duration of any implied warranty is limited to the duration of the express warranty by the terms of the express warranty.

6.      Ford states that Plaintiff's claims are barred on account of Plaintiff's failure to give notice as required by law, including, but not limited to, Tex. Bus. & Com. Code § 2.607.

7.      Ford denies that the Plaintiff has satisfied all conditions precedent to recovery under the law or the terms of the express limited warranty applicable to the subject vehicle.

8.      Ford pleads as an affirmative defense, the economic loss rule.

9.      Ford pleads that Plaintiff has failed to mitigate the alleged damages, including, but not limited to, attorneys' fees.

10.     Ford contends that the conduct alleged by Plaintiff, which is generally denied, constitutes a mere breach of contract and not a violation of the Texas Deceptive Trade Practices Act.

11.     Ford pleads all available defenses under Article 2 of the Texas Business and Commerce Code.

12.     In the unlikely event Plaintiff is entitled to a revocation of acceptance, or a return of purchase price, Ford requests an offset of, and counterclaims for, Plaintiff's use and benefit of the subject vehicle.

13.     For further answer, if such be necessary, Ford requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the Plaintiff, each settling person

and each responsible third party who has been designated under TEX. CIV. PRAC. & REM. CODE § 33.004.

14.     For further answer, if such be necessary, Ford alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%) regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.

**D.     REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within 30 days of this request, the information or material described in Rule 194.2.

**E.     RELIANCE ON JURY DEMAND**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Ford hereby relies on Plaintiff's jury demand.

WHEREFORE, PREMISES CONSIDERED, Ford prays that upon trial hereof Plaintiff recover nothing by this action. Ford further requests all costs incurred herein, and such other and further relief, general or special, as it may show itself entitled to receive.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ John W. Chambless II*
      John W. Chambless II
      State Bar No.  00796334
      E-Mail: jchambless@thompsoncoe.com

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5073
Fax: (512) 708-8777

and

Israel Flores, Jr. (Attorney-in-Charge)
State Bar No. 24074209
E-mail: iflores@thompsoncoe.com
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl St., 25th Floor
Dallas, Texas 75201
Telephone: (214) 880-2579
Fax: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2020, a true and correct copy of the foregoing was filed electronically and has been forwarded to all known counsel of record as set forth below by electronic mail, in compliance with the Texas Rules of Civil Procedure.

Adam Mott
LAW OFFICES OF JASON S. HEGEDUS, PLLC
2929 Allen Parkway, Suite 200
Houston, Texas 77019
(281) 742-9501 ext. 125
E-mail: amott@hegalaw.com

_/s/ John W. Chambless II_
John W. Chambless II